## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| HEATHER TINNENY, | **Case No.: 2:20-cv-05402** |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:** |
| v. | 1. Telephone Consumer Protection Act, 47 U.S.C. §227 |
| JPMORGAN CHASE BANK, | 2. Invasion of Privacy- Intrusion Upon Seclusion |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Heather Tinneny ("Heather"), by and through her attorneys, alleges the following against Defendant JPMorgan Chase Bank ("Chase").

## INTRODUCTION

1.      Count I of Heather's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Heather's Complaint is based upon the tort of Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive

to a reasonable person."

## PARTIES

3.      Heather is a natural person residing in Buffalo, NY.

4.      Chase is a National Association and its principal place of business is located at 1111 Polaris Parkway, Columbus, OH 43240.

5.      Chase can be served at its registered agent CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

6.      Chase is the successor by merger or acquisition of Chase Bank USA, N.A.

7.      Chase acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

8.      Jurisdiction of this court arises under 47 U.S.C. §227, 28 U.S.C. §§1331, 1332, 1367.

9.      Subject matter jurisdiction is established under 47 U.S.C. §227 as the same is a federal statute granting citizens a private right of action in federal court to recover statutory damages.

10.     Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Heather is a citizen of New York, and Chase is a citizen of Ohio.

11.     Venue is proper pursuant to 28 U.S.C. §1391(b)(1) as Chase resides in this District.

*Tinneny, Heather v. JPMorgan Chase Bank*
Complaint

12.    Chase is "at home" in Ohio; therefore, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

13.    The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance or service which is the subject of the transaction is primarily for personal, family or household purposes.

14.    In or around September 2019, in an effort to collect on an alleged debt, Chase began calling Heather on her cellular telephone from the following phone numbers:847-426-8085, 847-426-9138, 847-426-9203, 407-732-2416, 210-520-6400, 201-963-3611, and 210-520-0146.

15.    Upon information and belief, these phone numbers are owned, operated or controlled by Chase and/or its agent(s).

16.    On or about September 18, 2019, at approximately 10:55 am, Heather answered a call from Chase and spoke with a representative.

17.    After picking up the call, Heather noticed an unusually long delay before Chase's representative began speaking, and heard a short burst of dialing tones or clicks, all consistent with the use of an automatic dialing system.

18.    After going through the identification process, the representative indicated that Chase was attempting to collect a debt from Heather originating from an Amazon-branded credit card.

19.    Heather informed the representative that she could not pay her debt at that time because she was dealing with medical issues and thus had no money left.

20.     Heather then instructed the representative to only communicate with her in writing and that she herself would call Citibank when she was able to make a payment again, thereby revoking consent to be called on her cellular phone.

21.     Despite Heather expressly instructing Chase to not call her and informing Chase that she could not pay at the time, Chase began a harassment campaign by calling Heather on her cellular phone relentlessly over the next seven months, including on the weekends.

22.     Between September 26 and March 20, 2020, Chase called Heather's cellular telephone no less than **ONE HUNDRED AND SIXTEEN (116) times** after Heather revoked consent to be called.

23.     Chase called Heather almost every other day, including on the weekends.

24.     Chase consistently called Heather multiple times in a single day, up to five times on a single day.

25.     Upon information and belief, Chase called and texted, or attempted to call and text, friends and family of Heather with the intention that they would communicate to Heather that Chase was attempting to collect a debt from her, causing Heather additional embarrassment and distress.

26.     Upon information and belief, Chase called Heather and delivered prerecorded or artificial voice messages.

27.     Upon information and belief, Chase's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

28.     Chase is familiar with the TCPA.

29.     Chase's conduct was not only done willfully but was done with the intention of causing Heather such distress, so as to induce her to pay the debt.

30.     Each and every one of Chase's telephone calls caused Heather distraction and temporary loss of use of her telephone line.

31.     Chase intrusion upon Heather's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. Chase's conduct was especially egregious because Chase called relentlessly shortly after Heather had explained that she did not have money to repay Chase due to circumstances outside of her control, and expressly revoked consent to be called. Further, the annoying and oppressive calls were placed when Chase had actual knowledge that Heather was going through medical issues that left her without money for anything other than her medical bills.

32.     As a result of Chase's conduct, Heather has sustained actual damages including but not limited to, stress, anxiety, embarrassment, humiliation, severe emotional and mental pain and anguish.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

33.     Heather incorporates by reference the foregoing paragraphs as fully stated herein.

34.     Chase violated the TCPA. Chase's violations include, but are not limited to the following:

   a.  Within four years prior to the filing of this action, on multiple occasions,

*Tinneny, Heather v. JPMorgan Chase Bank*
Complaint

Chase violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

b. Within four years prior to the filing of this action, on multiple occasions, Chase violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."

35.     As a result of Chase's violations of 47 U.S.C. §227, Heather is entitled to declaratory judgment that Chase's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages for each and every violation, pursuant to §227(b)(3)(B). If the Court finds that Chase knowingly and/or willfully violated the TCPA, Heather is entitled to an award of one thousand five hundred dollars ($1,500.00) for each and every violation, pursuant to §227(b)(3)(B), (C).

## COUNT II

### Violation of Invasion of Privacy — Intrusion Upon Seclusion

36.     Heather incorporates by reference the foregoing paragraphs as fully stated

*Tinneny, Heather v. JPMorgan Chase Bank*
Complaint

herein.

37.     Chase violated Heather's privacy. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

38.     Chase's violations include, but are not limited to, the following:

a.   Chase intentionally intruded, physically or otherwise, upon Heather's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite a request for the calls to cease.

b.   The number and frequency of the telephone calls to Heather by Chase after a request for the calls to cease constitute an intrusion on Heather's privacy and solitude.

c.   Chase's conduct would be highly offensive to a reasonable person as Heather received calls that often interrupted and occupied her telephone line.

d.   The frequency and volume of Chase's calls were harassing to Heather.

e.   Chase's acts, as described above, were done intentionally with the purpose of coercing Heather to pay an alleged debt which Chase had full and actual knowledge Heather could not afford to pay.

f.   Chase's actions demonstrate a willingness to cause additional suffering to an individual whom Chase knew to be dealing with the anxiety of supporting an elderly parent.

39.     As a result of Chase's violations of Heather's privacy, Chase is liable to Heather for actual damages. If the Court finds that Chase's conduct was egregious, Heather may recover punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Heather hereby demands a trial by jury of all issues triable by jury.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Heather Tinneny respectfully requests judgment be entered against Defendant JPMorgan Chase Bank, N.A. for the following:

A.     Declaratory judgment that Chase violated the TCPA and the GFBPA;

B.     Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C.     Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D.     Actual and punitive damages for Chase's intrusion upon Heather's seclusion;

E.     Awarding Heather any pre-judgment and post-judgment interest as may be allowed under the law; and

F.     Any other relief that this Honorable Court deems appropriate.

*Tinneny, Heather v. JPMorgan Chase Bank*
Complaint

RESPECTFULLY SUBMITTED,

COZMYK LAW OFFICES, LLC

Date: October 15, 2020

*s/ Peter Cozmyk*
Perter Cozmyk (Bar #78862)
6100 Oak Tree Blvd., Suite 200
Independence, Ohio 44131
pcozmyk@cozmyklaw.com
T: (877) 570-4440
F: (216) 485-2125
*Attorneys for Plaintiff*
*Heather Tinneny*

*Tinneny, Heather v. JPMorgan Chase Bank*
Complaint